UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MATTHEW ROSS,

                              Plaintiff,

              - against -

LAKE NORMAN ENTERPRISES, LLC. and NICHOLAS
MINERVA

                              Defendants.

Case No.

**COMPLAINT AND JURY
TRIAL DEMAND**

Plaintiff MATTHEW ROSS ("Plaintiff") on his own behalf and on behalf of all others similarly situated, by and through his undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants LAKE NORMAN ENTERPRISES, LLC and NICHOLAS MINERVA (collectively "Defendants"), alleges and shows the Court the following:

## INTRODUCTION

1.      This is an action brought by Plaintiff alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed violations of the FLSA and NYLL by failing to pay Plaintiff compensation for all hours worked and overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

4.      Plaintiff further alleges pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid overtime compensation; (2) compensation for improper wage deductions; (3) damages for failure to pay wages in a timely manner; (4) compensation for failure to provide wage notice at the time of hiring; (5) liquidated damages equal to the sum of unpaid overtime pursuant to the NY Wage Theft Prevention Act; (6) prejudgment and post-judgment interest; and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendant Lake Norman Enterprises, LLC. maintains a place of business located at 125 Wireless Boulevard, Hauppauge, New York 11788, and a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of New York.

## PLAINTIFF

7.      Plaintiff Matthew Ross is a resident of Suffolk County, New York and was employed by Lake Norman Enterprises, LLC. in the position titled "logistic manager" from around April 2013 until August 23, 2017.

## DEFENDANTS

8.    Upon information and belief, Defendant, Lake Norman Enterprises, LLC ("Lake Norman") is a commercial excavation company located at 125 Wireless Boulevard, Hauppauge, New York 11788.

9.    Upon information and belief, Defendant, Lake Norman has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Lake Norman purchased and handled goods moved in interstate commerce.

10.    Upon information and belief, Defendant Nicholas Minerva is the owner, officer, director and/or managing agent of Lake Norman at 125 Wireless Boulevard, Hauppauge, New York 11788, and participated in the day-to-day operations of Lake Norman, and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Lake Norman.

11.    Upon information and belief, Defendant Nicholas Minerva owns the stock of Lake Norman Enterprises, LLC, and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

12.    At all times relevant herein, Lake Norman was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

13.    At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Lake Norman.

14.    The Individual Defendant Nicholas Minerva is an officer, director, manager and/or majority shareholders or owners of the Defendant Lake Norman and is individually responsible for unpaid wages.

15.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation, unlawfully deducted from his wages, failed to pay his wages in a timely manner, and failed to provide him a wage notice at the time of hiring in violation of the NYLL.

16.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## STATEMENT OF FACTS

17.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

18.     Defendants knew that the nonpayment of overtime pay, improper deduction from wages, late payment of wages, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and violate state and federal laws.

19.     From on or around April 2013 to August 23, 2017, Plaintiff was employed by Defendants to work in the position of "logistics manager" for Defendants' commercial excavation company located at 125 Wireless Boulevard, Hauppauge, New York 11788.

20.     Plaintiff was responsible for work including but not limited to processing paper work.  Plaintiff's job duties were merely clerical and did not require any sort of independent discretion or judgment.   In addition, Plaintiff was required to perform significant amounts of manual work.

21.     Plaintiff's work hours were highly variable.  He generally started work between 9:00am and 10:00am.  However, he would often start work as early as 6:30 am.  He would leave work between 5:00pm at the earliest to as late as 12:00am.  On average Plaintiff generally worked until 7:30-9:30pm.  Plaintiff worked from Monday to Friday, but also would occasionally work on

both Saturday and Sunday.  Thus Plaintiff worked between five and seven day per week.  Overall Plaintiff worked anywhere between 30 and 70 hours per week.

22.     Plaintiff worked in excess of forty hours per week on the following weeks ending on: May 23, 2013; June 6, 2013; June 20, 2013; July 11, 2013; July 18, 2013; July 25, 2013; August 15, 2013; August 22, 2013; September 12, 2013; September 19, 2013; September 26, 2013; October 17, 2013; October 31, 2013; November 7, 2013; December 5, 2013; March 27, 2014; April 10, 2014; April 17, 2014; April 24, 2014; May 1, 2014; May 29, 2014; June 5, 2014; June 12, 2014; June 19, 2014; June 26, 2014; July 3, 2014; July 17, 2014; July 31, 2014; August 7, 2014; August 14, 2014; August 21, 2014; August 28, 2014; September 4, 2014; September 11, 2014; September 18, 2014; September 25, 2014; October 2, 2014; October 9, 2014; January 1, 2015; March 9, 2015; April 2, 2015; April 9, 2015; April 16, 2015; April 23, 2015; April 30, 2015; May 7, 2015; May 14, 2015; May 21, 2015; June 11, 2015; June 18, 2015; June 25, 2015; June 29, 2015; July 2, 2015; July 9, 2015; July 16, 2015; July 23, 2015; July 30, 2015; August 6, 2015; August 13, 2015; August 20, 2015; August 27, 2015; September 3, 2015; September 10, 2015; September 17, 2015; September 24, 2015; October 1, 2015; October 8, 2015; October 15, 2015; October 22, 2015; October 29, 2015; November 5, 2015; November 12, 2015; November 19, 2015; November 19, 2015; November 26, 2015; December 3, 2015; December 10, 2015; December 17, 2015; December 24, 2015; December 31, 2015; January 7, 2016; January 14, 2016; January 21, 2016; January 28, 2016; February 4, 2016; February 11, 2016; February 18, 2016; February 25, 2016; March 3, 2016; March 10, 2016; March 17, 2016; March 24, 2016; March 31, 2016; April 7, 2016; April 14, 2016; April 21, 2016; April 28, 2016; May 5, 2016; May 12, 2016; May 19, 2016; May 26, 2016; June 2, 2016-July 21, 2016; August 4, 2016; August 11, 2016; August 25, 2016; September 8, 2016 – September 29, 2016; December 1, 2016.

23.     From April 2013 until November 28, 2013 Plaintiff was a paid a regular hourly rate of $12.  From November 29, 2013 to February 20, 2013 Plaintiff was paid a regular hourly rate of $14.  Plaintiff rate of pay from February 21, 2013 to May 1, 2014 was $15 per hour.  From May 2, 2014 to December 11, 2014 Plaintiff was paid $17 per hour.  From December 12, 2014 to October 8, 2015 Plaintiff was paid an hourly rate of $20.  From October 9, 2015 to January 7, 2016 Plaintiff was paid $21 per hour.  From January 8, 2016 to March 10, 2016 Plaintiff was paid $22 per hour.  Plaintiff's pay was increased to $25 per hour on March 11, 2016 until August 24, 2017.

24.     From the start of Plaintiff's employment until on or around October 23, 2015 Plaintiff was paid straight time for all hours worked, however, he did not receive any overtime premiums for work performed in excess of forty hours per week.  Starting on or around October 24, 2015 and continuing until the end of his employment at Lake Norman, Defendants paid Plaintiff for a maximum of forty hours per week regardless of the actual hours worked.

25.     Throughout Plaintiff's employment he was not paid overtime premiums equal to 1.5 times his regular hourly rate for hours worked in excess of 40 hours per week.

26.     Throughout Plaintiff's employment, Defendants would make deductions from Plaintiff's pay when Lake Norman had unexpected expenses that were attributed to Plaintiff's conduct, regardless of whether or not the expenses actually were the result of his conduct.   These deductions occurred on a number of occasions throughout Plaintiff's employment, and were made without the consent of Plaintiff.

27.     Plaintiff's regular pay period was weekly.  However, on most weeks Defendants would fail to pay him all or part of his pay.  Defendants would eventually pay Plaintiff, however, he was often paid many weeks late.  The result was that there was nearly always a running balance of wages owed to Plaintiff, many times in excess of $1,000.

28.     Defendants did not provide Plaintiff with a wage notices at the time of their hiring.

29.     Defendants did not compensate Plaintiff for overtime compensation according to state and federal laws.

30.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

31.     Defendants knew that the nonpayment of overtime would economically injure Plaintiff and the Class Members by their violation of federal and state laws.

32.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

33.     Defendants did not provide Plaintiff with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff's pay increase(s).

## STATEMENT OF CLAIM

### COUNT I
### [Violations of the Fair Labor Standards Act—Overtime Wage]

34.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

35.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

36.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

37.     Defendants' failure to pay Plaintiff his overtime pay violated the FLSA.

38.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

39.     The FLSA and supporting regulations required employers to notify employees of employment law requirements. 29 C.F.R. §516.4.

40.     Defendants willfully failed to notify Plaintiff of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's labor.

41.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff.


**COUNT II**
**[Violation of New York Labor Law—Overtime Pay]**

42.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

43.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

44.     Defendants' failure to pay Plaintiff his overtime pay violated the NYLL.

45.     Defendants' failure to pay Plaintiff was not in good faith.

**COUNT III**
**[Violation of New York Labor Law – Unlawful Wage Deductions]**

46.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

47.     Defendants knowingly, willfully, and intentionally violated N.Y. Lab. Law § 193 by requiring that Plaintiff be subject to deductions from his compensation for expenses Defendants incurred which they attributed to Plaintiff.

**COUNT IV**
**[Failure to Promptly Pay Wages Under New York Labor Law]**

48.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

49.     At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the NYLL, including but not limited to NYLL §§ 2, 190, and 651.

50.     Throughout Plaintiff's employment, his regular pay period was weekly.

51.     Defendants repeatedly failed to pay Plaintiff his wages on a timely basis.

52.     Defendants' failure to promptly pay Plaintiff was willful.

53.     Due to Defendants' NYLL violations, the Plaintiff is entitled to recover from Defendants, jointly and severally 100% liquidated damages for each individual late payment during the relevant period, as well as reasonable attorneys' fees, costs of the action, and interest.

**COUNT V**
**[Violation of New York Labor Law—Time of Hire Wage Notice Requirement]**

54.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

55.     The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

56.     Defendants intentionally failed to provide notice to employees in violation of New  York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

57.     Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff even after the fact.

58.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

**COUNT VI**
**[Violation of New York Labor Law—New York Pay Stub Requirement]**

59.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as

though fully set forth herein.

60.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

61.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

62.     Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## Prayer For Relief

WHEREFORE, Plaintiff, respectfully requests that this court enter a judgment providing the following relief:

a)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

b)      An injunction against Lake Norman Enterprise, LLC, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

c)      An award of unpaid overtime wages due under FLSA and New York Labor Law;

d)      An award of damages of unlawful deduction of wages;

e)      An award of liquidated damages for failure to promptly pay wages.

f)      An award of damages for Defendants' failure to provide wage notice at the time of hiring, and regular paystubs as required under the New York Labor Law.

g)     An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

h)     An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

i)     The cost and disbursements of this action;

j)     An award of prejudgment and post-judgment fees;

k)     Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4);

l.)   That the Court find Defendants have, in the alternative, breached an implied contract with Plaintiff by unfairly exploiting Plaintiff's labor, and breached an implied contract with Plaintiff by unfairly exploiting his generosity in extending the Employee Loan;

m.)   That, in the alternative, Defendants be ordered to pay restitution to Plaintiff for their breaches of implied contract and unjust enrichment at Plaintiff's expense; and

n)     Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## **JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, on behalf of himself and the Collective Action Members and members of the Class, demand a trial by jury on all questions of fact raised by the complaint.

Dated:  Flushing, New York
        October 31, 2017

                                        HANG & ASSOCIATES, PLLC.

                                        /S/WILLIAM BROWN
                                        William Brown, Esq.
                                        136-20 39th Ave., Suite 10G
                                        Flushing, New York 11354
                                        Tel: 718.353.8588
                                        wbrown@hanglaw.com
                                        Attorneys for Plaintiff

# EXHIBIT A

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Lake Norman Enterprises, LLC and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

Matthew Ross
Full Legal Name (Print)

Matthew Ross
Signature

10-23-17
Date

15