UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————X
MATTHEW ROSS,

                                                  Civil Action No. CV 17-06332

                   Plaintiff,

       -against-

LAKE NORMAN ENTERPRISES, LLC and
NICHOLAS MINERVA,

                   Defendants.
———————————————————————X

## SETTLEMENT AGREEMENT AND RELEASE

    **WHEREAS, MATTHEW ROSS** (hereinafter, "Plaintiff") commenced an action against **LAKE NORMAN ENTERPRISES, LLC and NICHOLAS MINERVA**, (each singularly hereinafter referred to as "Defendant," and collectively hereinafter referred to as "Defendants") on or about October 31, 2017, in the United States District Court for the Eastern District of New York (hereinafter, the "Court"), presently bearing Case Number **CV 17-06332** (hereinafter, the "Action") alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and related regulations;

    **WHEREAS,** Defendants deny Plaintiff's allegations, and contend that Plaintiff's allegations are unfounded and lack merit;

    **WHEREAS,** Plaintiff and Defendants (each singularly hereinafter referred to as a "Party," and collectively hereinafter referred to as "Parties") desire to fully and finally resolve and settle in full all wage and hour claims that any Plaintiff has, had, or may have against Defendants by way of this Settlement Agreement and Release ("Agreement");

    **WHEREAS,** Plaintiff's counsel and Defendants' counsel have negotiated in good faith to reach a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's respective claims, Defendants' respective defenses, and the *bona fide* dispute between the Parties;

    **NOW, THEREFORE,** in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

    1.    **Payment**

        (a)    Defendants agree to pay Plaintiff the total gross sum of Eight Thousand and Eight Hundred dollars ($8,800.00) inclusive of all costs and attorneys' fees. The sum

1

EXHIBIT A

shall be paid in ten equal $880.00 monthly installments. The first installment shall be due no later than (10) days after Court approval of the Agreement. The remaining nine (9) installments shall be due the first of every consecutive month. Each set of the installment checks shall be issued in accordance with the following:

1.   $513.64 made payable to Matthew Ross shall constitute unpaid wages due and owing to Matthew Ross, and therefore subject to all customary withholdings in accordance with Mr. Ross's W4 form;

2.   $366.36 shall be made payable to Hang & Associates, PLLC for attorneys' fees and costs;

> The payments shall be delivered to Hang & Associates, PLLC located at 136-20 38th Avenue, Suite 10G, Flushing, New York 11354 when they become due pursuant to this agreement.

(b)   The Settlement Sum shall be paid to Plaintiff in exchange for full and complete settlement of any and all wage and hour claims or potential wage and hour claims between the Parties, including but not limited to those arising from, involving, or relating to Plaintiff's claims in the Action, including any and all claims for damages, liquidated damages, compensatory or punitive damages, injunctive relief, attorneys' fees, expenses and costs.

2.   **Default; Notice to Cure:**

In the event that the Settlement Payment is not received within seven (7) calendar days of the Payment due dates set forth in Paragraph 1 of this Agreement, or any check fails to clear (i.e., bounces) on its respective payment date, Plaintiff's counsel shall serve a written notice ("Default Notice") upon counsel for Defendant, by email and the Defendant shall have ten (10) business days from the date of receipt of the Default Notice to cure the default by making such payment together with an additional amount of $50.00 to reimburse Plaintiff's counsel for the time and costs of each such bounced check. Upon Defendant's failure to cure a default within ten (10) business days of delivery of the Default Notice, counsel for Plaintiff may immediately file the executed Affidavits of Confession of Judgment (annexed hereto as Exhibit B).

3.   **Wage & Hour Release by Plaintiff**

In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims

and demands concerning wage and hour matters including any and all claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act. This release is limited solely and only to wage and hour claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any wage or hour claims that may occur after that date, or any non-wage and hour claims.

### 4. Judicial Review/Dismissal of the Complaint

Contemporaneously with the execution of this Agreement, the Parties, by themselves or by their respective counsel, shall execute a Stipulation and Order of Dismissal (annexed hereto as Exhibit A) dismissing the Action with prejudice, which Stipulation and Order shall expressly provide that, with the Court's consent, the Court shall retain jurisdiction over this matter solely for purposes of enforcement of this Agreement. The parties agree to submit this Agreement, together with the proposed Stipulation and Order of Dismissal, to the Court for Judicial review and approval.

### 5. Non-Admission

(a) This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever, and Plaintiff expressly acknowledges that Defendants continue to deny any wrongdoing arising out of Plaintiff's employment and separation thereof.

(b) Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiff in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of Defendants that Plaintiff has suffered any damage. Additionally, the Parties agree that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

(c) The parties hereto agree that, at all times following the date of this agreement, they shall use reasonable and good faith efforts to ensure that neither party engages in any vilification of the other, and shall refrain from making any false, negative, critical or disparaging statements, implied or expressed, concerning the other. The parties further agree to do nothing that would damage the others business reputation or good will; provided, however, that nothing in this Agreement shall prohibit either party's disclosure of information which is required to be disclosed in compliance with applicable laws or regulations or by order of a court or other regulatory body of competent jurisdiction.

### 6. Attorneys' Fees

Except as set forth herein, Plaintiff and Defendants expressly agrees to bear their own attorneys' fees, costs and disbursements incurred in this litigation. No party shall be responsible or liable for the payment of any attorneys' fees for the other party except as set forth herein.

### 7. Acknowledgment

Plaintiff acknowledges that he is receiving consideration under this agreement to which he is not otherwise entitled. Plaintiff acknowledges that he was represented by counsel of his choosing throughout the negotiation and the execution of the Agreement. Plaintiff further represents that he had sufficient opportunity to consider this Agreement; that he read this Agreement and/or had this Agreement explained to him fully and carefully and understand its terms; and that he is signing it knowingly and voluntarily.

### 8. Oral Modifications Prohibited

This Agreement represents the entire agreement between Plaintiff and Defendants with respect to the Action. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by or on behalf of the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

### 9. Choice of Law

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

### 10. Effective Date

This Agreement shall become effective immediately upon the Parties' execution.

### 11. Counterparts

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

### 12. Facsimile and Email Signatures.

Any party may execute this Agreement by signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

### 13. Severability.

The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

DATED  March 21, 2019				Matthew Ross

						_____/s/ Matthew Ross_____

DATED  March ___, 2019				Lake Norman Enterprises, LLC

						By: _____
						     Nicholas Minerva, Managing Member

DATED  March ___, 2019				Nicholas Minerva

						_____

The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

DATED: March ___, 2019         Matthew Ross

_____

DATED: March 22, 2019          Lake Norman Enterprises, LLC

                                                By: _____
                                                    Nicholas Minerva, Managing Member

DATED: March 22, 2019          Nicholas Minerva

                                                     _____

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW ROSS,<br><br>                                      Plaintiff,<br>- against --<br><br>LAKE NORMAN ENTERPRISES, LLC. and NICHOLAS MINERVA,<br><br>                                    Defendants. | Case No.: 1:17-cv-06332<br><br>**STIPULATION OF DISMISSAL<br>WITH PREJUDICE** |

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for Plaintiff, and Defendants in the above captioned action, that, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action be dismissed, with prejudice and without costs or attorneys' fees to any party, as to Plaintiffs or Defendants. This court retains jurisdiction to enforce the settlement agreement and release of this action.

Dated: March \_\_21\_\_, 2019

For the Plaintiff:
HANG & ASSOCIATES, PLLC

By: _____
Ken Maeng, Esq.
Attorneys for Plaintiff
136-20 38th Avenue, Suite 10G
Flushing, NY 11354

For the Defendants:
Canfield Ruggiero, LLP

By: _____
John Ruggiero, Esq.
Attorneys for Defendants
1461 Franklin Avenue
Garden City, NY 11530

# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW ROSS,<br><br>            Plaintiff,<br><br>- against -<br><br>LAKE NORMAN ENTERPRISES, LLC. and NICHOLAS MINERVA,<br><br>            Defendants. | Case No.: 1:17-cv-06332<br><br>**CONFESSION OF JUDGMENT** |

  In accordance with the accompanying Settlement Agreement, the Court hereby renders Judgment as follows:

  1. Judgment is entered in favor of Plaintiff MATTHEW ROSS against Defendants LAKE NORMAN ENTERPRISES, LLC. and NICHOLAS MINERVA (collectively referred to as "Defendants"), with a principal place of business of 125 Wireless Boulevard, Hauppauge, New York 11788, in the amount of Twenty-Six Thousand and Four Hundred Dollars ($26,400.00), less any settlement monies already paid, pursuant to the terms of the Agreement and entered into and signed by Plaintiff and Defendants in the above-captioned proceeding, together with statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; and reasonable attorneys' fees incurred in entering and enforcing the judgment; and interest on the judgment as provided in 28 U.S.C. § 1961.

  2. This Confession of Judgment is for a debt justly due to Plaintiff pursuant to the Settlement Agreement.

  3. Defendants shall pay this Judgment in accordance with the terms and conditions of the accompanying Settlement Agreement and Release, which is incorporated herein by reference.

4.     In the event of an uncured default under the Settlement Agreement, Plaintiff may file this consent Judgment with the Clerk as well as a certification informing this Court of such failure. Upon the filing of such Judgment and affidavit, Plaintiff will be entitled to enforce this Judgment by all means permitted by law.  Plaintiff will further be entitled to reasonable professional fees, and costs associated with the enforcement of the Settlement Agreement and Release and statutory interest on any unpaid amount from the date this consent Judgment is executed.

5.     This Court expressly finds that there is no just reason for delay, and expressly directs the entry of final judgment.

6.     This Court retains jurisdiction solely to enforce compliance with the terms of this Consent Judgment and the accompanying Settlement Agreement.

The undersigned parties stipulate to and request entry of this Consent Judgment.

**Plaintiff**

*Matthew Ross*      Date 3-21-19
Matthew Ross

**Defendants**

**Lake Norman Enterprise, LLC**

_____
By:

**Nicholas Minerva**

_____
**Nicholas Minerva**

8

4. In the event of an uncured default under the Settlement Agreement, Plaintiff may file this consent Judgment with the Clerk as well as a certification informing this Court of such failure. Upon the filing of such Judgment and affidavit, Plaintiff will be entitled to enforce this Judgment by all means permitted by law. Plaintiff will further be entitled to reasonable professional fees, and costs associated with the enforcement of the Settlement Agreement and Release and statutory interest on any unpaid amount from the date this consent Judgment is executed.

5. This Court expressly finds that there is no just reason for delay, and expressly directs the entry of final judgment.

6. This Court retains jurisdiction solely to enforce compliance with the terms of this Consent Judgment and the accompanying Settlement Agreement.

The undersigned parties stipulate to and request entry of this Consent Judgment.

Plaintiff

_____
Matthew Ross

Defendants

Lake Norman Enterprise, LLC
_____
By:

Nicholas Minerva
_____
Nicholas Minerva

8